UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL MORGAN, | Case No.  1:25-cv-01188-KES-HBK |
| Plaintiff, | ORDER GRANTING MOTION FOR JUDICIAL NOTICE |
| v. | (Doc. 9-8) |
| LEXISNEXIS RISK SOLUTIONS INC., | FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION TO DISMISS[1] |
| Defendant. | (Doc. 9) |
| | FOURTEEN-DAY OBJECTION PERIOD |

Pending before the Court is Defendant LexisNexis Risk Solutions Inc.'s Motion to Dismiss and Request for Judicial Notice.  (Doc. 9; Doc. 9-8).[2]  The undersigned grants the Request for Judicial Notice and recommends that the district court grant the Motion to Dismiss without further leave to amend for the reasons stated below.

////

---

[1] This motion was referred by the district court for a preparation of a findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(a). (Doc. 10).

[2] All document and page numbers are to the respective pleadings' document number and page number as reflected on the Court's Case Management and Electronic Filing System (CM/ECF).

## BACKGROUND

Plaintiff Carl Morgan, proceeding pro se, brings this action under the Fair Credit Reporting Act (FCRA) and California law based on a First Amended Complaint ("FAC")[3] filed October 2, 2025.  (Doc. 8).  Defendant LexisNexis Risk Solutions, Inc. moved to dismiss the FAC under Federal Rule of Civil Procedure 12(b)(6) on October 16, 2025, supported by a memorandum, exhibits and a request for judicial notice.  (Docs. 9, 9-1; Doc. 9-8).  Plaintiff filed an opposition and Defendant filed a reply.  (Docs. 12, 13).  Plaintiff subsequently filed additional materials without leave of court.  (Docs. 14, 17).

The FAC alleges Defendant inaccurately reported two civil judgments on Plaintiff's consumer report in December 2024, causing "bank denials" and purported damages from higher interest rates and lost purchase opportunities.  (Doc. 8 at 3 ¶ 8).  The two judgments are identified as: "**18CEL07822**" which the Fresno County Superior Court vacated on June 5, 2025, and "**18CECL06158**"  which Plaintiff disputes based on improper service and his SSI.  (*Id*. at 2 ¶ 5).  Plaintiff disputed the inaccurately reported judgements on "April 30, May 15, June 9, and July 14, 2025, via Defendant's portal . . . and CFPB complaints, providing evidence including the vacatur order, proof of improper service, and SSI documentation."  (*Id.* at 2 ¶ 6).

The FAC further alleges Defendant failed to conduct a reasonable reinvestigation, failed to delete or correct the inaccuracies, and failed to disclose the sources of the judgment data despite Plaintiff's repeated requests and certified demand letters.  (*Id.* at 2-3 ¶¶ 7, 12).  Plaintiff also characterizes Defendant's July 28, 2025, CFPB response as inadequate.  (*Id.* at 2-3 ¶ 7).  Plaintiff claims these failures were willful violations of three FCRA provisions, (*Id.* at 3-4 ¶ 13), and pleads the December 24, 2024 reporting and related denials as the sole adverse event causing harm.  (*See generally id.*).

The FAC attaches multiple exhibits, including the July and August 2025 demand letters that ask Defendant to disclose the sources of the judgment data (*Id*. at 56-59; Exh. D), and

---

[3] Defendant removed this action from Fresno Superior Court and filed a motion to dismiss after removal in response to Plaintiff's complaint.  (Docs. 1, 5).  Plaintiff filed a First Amended Complaint in response to Defendant's motion to dismiss on which he now proceeds. (Doc. 8).

adverse action letters from lenders Global Lending Services, Ally Bank, and Exeter Financial, and. (*Id*. at 60-67; Exh. E).  Of significance, the letter from Global Lending Service reflects a December 24, 2024 "contingent approval" that did not result in credit because required "additional communication or documentation to finalize the process" was not received.  (*Id*. at 62).

**APPLICABLE LAW**

**A.  Federal Rule of Civil Procedure 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011).  Dismissal for failure to state a claim is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (to survive a motion to dismiss, the complaint must have sufficient facts to state a facially plausible claim to relief).  In deciding a motion under Rule 12(b)(6), the court accepts as true all well-pled factual allegations in the complaint and determines whether the factual allegations are sufficient to state a right to relief above the speculative level. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *see also Nw. Envtl. Def. Ctr. v. Brown*, 640 F.3d 1063, 1070 (9th Cir. 2011) (court accepts as true all material allegations in the complaint, as well as any reasonable inferences to be drawn from them).  A court does not accept as true allegations that are merely conclusory, unreasonable inferences, or unwarranted deductions. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Nor are legal conclusions considered facts. *Iqbal*, 556 U.S. at 678.   Though courts construe pro se filings liberally and afford the pro se litigant the benefit of any doubt, a pro se complaint still must satisfy these standards. *Hebbe v. Pliler*, 627 F.3d 338, 341-43 (9th Cir. 2010).

Because Rule 12(b)(6) focuses on the "sufficiency" of a claim—and not the claim's substantive merits—"a court may [typically] look only at the face of the complaint to decide a motion to dismiss." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).  Although generally the court is confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the

3

complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987), *cert. denied*, 484 U.S. 944 (1987); *see also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (collecting cases and recognizing court may consider documents attached to complaint or incorporated in reference when considering a Rule 12(b)(6) motion without converting the motion to a Rule 56 motion).

Furthermore, in addition to materials that are submitted with and attached to the complaint, the court may also take " 'judicial notice of matters of public record;' and 'unattached evidence on which the complaint necessarily relies if: [a] the complaint refers to the document; [b] the document is central to the plaintiff's claim; and [c] no party questions the authenticity of the document.' " *Beverly Oaks Physicians Surgical Ctr., LLC v. Blue Cross & Blue Shield of Ill.*, 983 F.3d 435, 439 (9th Cir. 2020) (quoting *United States v. Corinthian Colls.*, 655 F.3d 984, 998–99 (9th Cir. 2011)).

**B. Article III**

"Federal courts are courts of limited jurisdiction." *Home Depot U.S.A., Inc. v.* Jackson, 587 U.S. 435, 437 (2019) (citations omitted). Article III, § 2 of the Constitution delineates "the character of the controversies over which federal judicial authority may extend." *Id.* (citations omitted). Under Article III, § 2 of the Constitution, a federal court's jurisdiction is limited to adjudication of "live" cases and controversies. *See Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013) ("Article III demands that an actual controversy persist throughout all stages of litigation.") (internal quotation marks omitted); *see also Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (Article III's "cases" and "controversies" limitation requires that "an actual controversy . . . be extant at all stages of review, not merely at the time the complaint is filed") (internal quotation marks omitted). "The Court is obligated to determine *sua sponte* whether it has subject matter jurisdiction." *Moore v. Maricopa Cnty. Sheriff's Off.*, 657 F.3d 890, 894 (9th Cir. 2011) (citations omitted). If jurisdiction is lacking, the Court is required to dismiss the action. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3).

////

4

## REQUEST FOR JUDICIAL NOTICE

Defendant requests judicial notice of two state court dockets, two default judgments, and two law and motion minute orders:

1. Case Docket of *Lobel Financial Corp. v. Carl N. Morgan*, Case No. 18CECL06158, Superior Court of California, County of Fresno.  (Doc. 9-2; Exh. A).

2. Case Docket of *Lobel Financial Corp. v. Carl N. Morgan*, Case No. 18CECL07822, Superior Court of California, County of Fresno.  (Doc. 9-3; Exh. B).

3. December 14, 2018 Default Judgment entered against Plaintiff Carl N. Morgan in Case No. 18CECL06158.  (Doc. 9-4; Exh. C).

4. March 19, 2019 Default Judgment entered against Plaintiff Carl N. Morgan in Case No. 18CECL07822.  (Doc. 9-5; Exh. D).

5. July 30, 2025 Law and Motion Minute Order filed in *Lobel Financial Corp. v. Carl N. Morgan*, Case No. 18CECL06158, Superior Court of California, County of Fresno.  (Doc. 9-6; Exh. E).

6. August 18, 2025 Law and Motion Minute Order filed in *Lobel Financial Corp. v. Carl N. Morgan*, Case No. 18CECL06158, Superior Court of California, County of Fresno.  (Doc. 9-7; Exh. F).

Federal Rule of Evidence 201 allows judicial notice of adjudicative facts not subject to reasonable dispute because they are either generally known within the court's jurisdiction, or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned, including court records directly related to the issue in the case.  Fed. R. Evid. 201(b).  Courts judicially notice other court proceedings "if those proceedings have a direct relation to the matters at issue." *United States ex. Rel. Robinson Rancheria Citizens Counsel v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (citations and internal quotation marks omitted); *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011).  However, a court may not take judicial notice of findings of facts from another case.  *Walker v. Woodford*, 454 F. Supp. 2d 1007, 1022 (S.D. Cal. 2006).  The Court may take judicial notice on its own or at the request of any party, and "must take judicial notice if a party requests it and the court is supplied with the necessary

information." Fed. R. Evid. 201(c).

The above records reflect the dockets of and pleadings for two state court cases. The dockets and pleadings reflect two judgments that were entered against Plaintiff and Plaintiff's filings to vacate those judgments. The Court finds these cases are not subject to reasonable dispute and are related and relevant to the issues in this case. Plaintiff does not contest the request. (*See* Doc. 12; Doc. 14; Doc. 17). Because Defendant has supplied sufficient information under Rule 201, the Court grants judicial notice of these records to the extent permitted by law.

## ANALYSIS

The FAC alleges six counts. Counts I-IV allege violations of the FCRA: (I) 15 U.S.C. § 1681e(b); (II) 15 U.S.C. § 1681li; (III) 15 U.S.C. § 1681g(a)(2); and (IV) 15 U.S.C. § 1681n. The remaining two counts allege violations of California Consumer Credit Reporting Agencies Act (Cal. Civ. Code § 1785.1 *et seq.*) (Count V); and a violation of California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*) (Count VI).

### A. Federal Law Claims

#### 1. Count I: 15 U.S.C. § 1681e(b)

To state a claim under § 1681e(b), a plaintiff must plausibly allege that a consumer reporting agency prepared a report containing inaccurate information. *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995). A complaint alleging a § 1681e(b) consumer reporting agency violation fails to allege an inaccuracy where it "is premised on a dispute of a debt's validity." *Armstrong v. Voss & Klein, LLC*, WL 1484098, at *3 (E.D. Cal. Apr. 5, 2024) (citing *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010); *Kozlowski v. Bank of Am., N.A.*, 2018 WL 5099765, at *5 (E.D. Cal. Oct. 18, 2018); *Alvandi v. Fid. Cap. Holdings, Inc.*, 2015 WL 12672736, at *2 (C.D. Cal. June 30, 2015)). Defendant contends that the FAC does not identify any factual inaccuracy in Defendant's December 24, 2024 reporting and that, at that time, both judgments were validly entered and remained of record. (Doc. 9-1 at 5-6).

Plaintiff's opposition does not meaningfully respond to this argument and instead asserts that the judgments were invalid due to improper service and identify theft and thus ought never to

6

have existed.  (*See generally* Doc. 12; Doc. 14; Doc. 17).  In support, Plaintiff attaches two exhibits to his opposition.

When ruling on a motion to dismiss, "the Court may not consider . . . exhibits that Plaintiff has attached to its opposition, nor may the Court consider the facts that Plaintiff asserts only in its opposition." *Bd. of Trs. of the Bay Area Roofers Health & Welfare Tr. Fund v. Gudgel Yancey Roofing Inc.*, 225 F. Supp. 3d 1106, 1114 (N.D. Cal. 2016) (citation omitted); *see also Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (emphasis in original) (internal quotation marks and citation omitted).  Accordingly, the Court confines its review to the FAC and properly noticed materials.[4]

The judicially noticed court records show that default judgments were entered against Plaintiff in 2018 and 2019: *Lobel Financial Corp. v. Carl N. Morgan*, Case No. 18CECL06158, and *Lobel Financial Corp. v. Carl N  Morgan*, Case No. 18CECL07822, both in the Superior Court of California, County of Fresno.  (See Doc. 9-2, Exhs. A, B).  Plaintiff did not move to vacate the default judgments in either action until 2025.  (*See* Doc. 9-2 at 5-6; Doc. 9-3 at 7-8).  Indeed, the FAC admits on its face that the one judgment was not vacated until 2025 and that the other judgment is "disputed due to improper service."  (Doc. 8 at 2 ¶ 5).  The docket for Case No. 18CECL06158 reflects that the judgment remains in effect.  (Doc. 9-2 at 5-8).  The docket for Case No. 18CECL07822 reflects that the judgment was set aside as to Plaintiff on June 5, 2025.  (Doc. 9-3 at 8).  Because the December 24, 2024 report occurred while both judgments remained of record, the FAC cannot plausibly allege that Defendant's reporting was factually inaccurate.  Allegations inconsistent with the noticed court records need not be accepted as true.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citing *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987)).

---

[4] Neither exhibit is relevant or persuasive.  The Fresno Police Department Summary Incident Report was written in October 16, 2025 and the complaint Plaintiff submitted to Defendant in December 2025.  These documents were generated well past the December 24, 2024 reporting that Plaintiff contests.

Accordingly, Count I fails to state a claim under § 1681e(b).  *Guimond*, 45 F.3d at 1333.

2. Count II: 15 U.S.C. § 1681i

A claim under § 1681i for failure to conduct a reasonable investigation likewise requires a a prima facie showing of inaccurate reporting.  *Heras v. Nelnet, Inc.*, 2017 WL 4586334, at *3 (C.D. Cal. Apr. 28, 2017) (quoting *Taylor v. First Advantage Background Servs. Corp.*, 207 F.Supp.3d 1095, 1103 (N.D. Cal. 2016)) (internal quotation marks omitted).  As discussed above, the FAC does not plausibly allege that Defendant's 2024 reporting of the judgments was inaccurate at the time it was made.

Absent a plausible allegation of inaccuracy, Count II fails as a matter of law.

3. Count III: 15 U.S.C. § 1681g(a)(2)

Section 1681g(a)(2) requires a consumer reporting agency, upon request, to clearly and accurately disclose to the consumer the sources of its information, subject to certain exceptions. The FAC alleges that Defendant failed to disclose the sources of the judgment data despite Plaintiff's requests, and the attached July and August 2025 demand letters reflect that Plaintiff indeed requested source information on those dates.  (*See* Doc. 8 at 56-59).

Defendant argues that Plaintiff fails to allege any damages resulting from the purported nondisclosure, which is essential in a 1681g claim.  (Doc. 9-1 at 7).  In support, Defendant points to *TransUnion LLC v. Ramirez*, 594 U.S. 413, 141 S. Ct. 2190 (2021) and *Bell-Loffredo v. Equifax Info. Servs., LLC*, 2022 WL 16894504 (C.D. Cal. Oct. 6, 2022).[5]  (Doc. 9-1 at 5).  The Court construes this argument as raising a lack of standing.  Standing is an Article III jurisdictional requirement, and, even if not raised as a separate Rule 12(b)(1) motion, the court must address it.  *Moore*, 657 F.3d at 894.

"[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief."  *TransUnion*, 594

---

[5] *Bell-Loffredo* did not involve an analysis of standing but rather dealt with whether Plaintiff sufficiently identified himself to the consumer reporting agency.  2022 WL 16894504, at *2-3.  Because such identification is not at issue in the instant motion, the Court does not further address this case.

U.S. at 423 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)).  "If 'the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve.'"  *Id.* (quoting *Casillas v. Madison Avenue Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019) (Barrett, J.)).  "[T]he Supreme Court has repeatedly recognized that an 'informational injury,' where a plaintiff alleges that she 'failed to receive . . . information' to which she is legally entitled, is sufficiently concrete to confer standing."  *Kelly v. RealPage Inc.*, 47 F.4th 202, 211-12 (3d Cir. 2022) (quoting *TransUnion*, 141 S. Ct. at 2204, 2214) (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340-42 (2016); *Fed. Election Comm'n v. Akins*, 524 U.S. 11, 24-25 (1998); *Public Citizen v. Dep't of Justice*, 491 U.S. 440, 449 (1989)).  To have standing under the informational injury doctrine, a plaintiff must make a "showing of (1) the omission of information to which they claim entitlement, (2) 'adverse effects' that flow from the omission, and (3) the requisite nexus to the 'concrete interest' Congress intended to protect."  *Id.* at 214 (quoting *TransUnion*, 141 S. Ct. at 2214; *Tailford v. Experian Info. Sols., Inc.*, 26 F.4th 1092, 1100 (9th Cir. 2022)).  In addition, the United States Court of Appeals for the Ninth Circuit uses a two-prong approach in determining whether alleged FCRA violations are sufficiently concrete to confer standing: "(1) whether the statutory provisions at issue were established to protect [a plaintiff's] concrete interests (as opposed to purely procedural rights), and if so, (2) whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests."  *Tailford*, 26 F.4th at 1099 (quoting *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113 (9th Cir. 2017)) (internal quotation marks omitted).

The Court finds *Kelly* and *Tailford* instructive.  Like here, *Kelly* involved plaintiffs alleging that the consumer reporting agency did not disclose the sources of information in violation of 15 U.S.C. § 1681g(a)(2).  However, unlike here, the plaintiffs in *Kelly* included additional allegations that "[t]here were errors in their files—Kelly's report erroneously included two DUI convictions and a misdemeanor conviction for an outdated inspection tag, while Bey's mistakenly included a civil action for possession and an eviction filing" and that "the omission of RealPage's sources allegedly impaired their ability to correct these errors."  47 F.4th at 214.

These errors led to the plaintiffs being denied the apartments they had applied for, along with other harms. *Id.*

*Tailford* did not involve allegations of a consumer reporting agency failing to disclose sources of information but rather involved an alleged failure to provide information in the plaintiffs' files (among other allegations). There, the plaintiffs "alleged that without complete information in their § 1681g disclosures, they are unable to adequately opt out of certain disclosures to other parties and ensure fair and accurate reporting of their credit information." 26 F.4th at 1100.

Here, Plaintiff does not allege any of the adverse effects described in *Kelly* and *Tailford*. Rather, the only harm alleged in the FAC and in Plaintiff's opposition is the "multiple bank denials on December 24, 2024, resulting in damages of $6,000-8,000 due to higher interest rates and lost purchase opportunities." (emphasis added) (Doc. 8 at 3 ¶ 8; *see* Doc. 12 at 1)). However, Plaintiff did not request Defendant to disclose the sources of information until July and August 2025, and therefore the only harm alleged in the FAC could not have plausibly occurred because of the alleged failure to disclose the sources of information. (See Doc. 8 at 56-59). Furthermore, as explained *supra*, the FAC cannot plausibly allege that Defendant's 2024 reporting of the judgments was factually inaccurate, and therefore the FAC cannot plausibly allege the only harm mentioned in the FAC. Accordingly, Plaintiff fails to satisfy the second prongs of both *Tailford* and *Kelly*. As the United States Supreme Court put it, Plaintiff has not identified any "'downstream consequences' from failing to receive the required information." *TransUnion*, 594 U.S. at 442 (quoting *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 1004 (11th Cir. 2020)). As such, Plaintiff has not sufficiently alleged adverse effects to confer standing.

Although the FCRA authorizes statutory damages for willful violations, Congress's creation of a private right of action does not eliminate the requirement that a plaintiff suffer a concrete injury in fact under Article III. Since *TransUnion*, it is clear that "[s]o-called 'information injuries' and statutory violations that 'cause[ ] no adverse effects' are insufficient to confer Article III standing." *Davidson v. United Servs. Auto. Ass'n*, No. 2:20-CV-00527-JWH-

MAA, 2025 WL 1452558, at *7 (C.D. Cal. May 14, 2025) (quoting *TransUnion*, 584 U.S. at 442).  Put another way:

> Congress's creation of a statutory prohibition or obligation and a cause of action does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III any more than, for example, Congress's enactment of a law regulating speech relieves courts of their responsibility to independently decide whether the law violates the First Amendment. *Cf. United States v. Eichman*, 496 U.S. 310, 317-318, 110 S.Ct. 2404, 110 L.Ed.2d 287 (1990).  As Judge Katsas has rightly stated, "we cannot treat an injury as 'concrete' for Article III purposes based only on Congress's say-so." *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 999, n.2 (CA11 2020) (sitting by designation).

*TransUnion*, 594 U.S. at 426.

On the facts alleged, Plaintiff has not pleaded a concrete adverse effect from the alleged § 1681g(a)(2) violation and therefore lacks standing to pursue Count III.

### 4. Count IV: 15 U.S.C. § 1681n

Count IV seeks relief under § 1681n based on Defendant's alleged willful noncompliance with the provisions underlying Counts I–III.  However, Section 1681n is a damages provision that presupposes a substantive violation of the FCRA.  *Sciaretta v. Yard House Restaurants, LLC*, No. 07CV1212 WQH (NLS), 2007 WL 9776769, at *5 (S.D. Cal. Nov. 21, 2007) (citing 15 U.S.C. § 1681n(a)).

Because the FAC fails to state viable claims under §§ 1681e(b), 1681i, and 1681g(a)(2), the derivative § 1681n claim necessarily fails as well.

### B. State Law Claims

#### 1. Count V: CCRAA (Cal. Civ. Code § 1785.1 *et seq.*)

The FAC alleges "Defendant failed to maintain reasonable procedures for accuracy and investigation, violating Cal. Civ. Code § 1785.14(b) and § 1785.25(a)."  (Doc. 8 at 4).

Section 1785.14(b) parallels § 1681e(b) and "therefore the same requirement" of showing that a credit reporting agency prepared a report containing inaccurate information "applies to a claim under section 1785.14(b)."  *Chiddy Golden v. TransUnion, LLC et al.*, No. 2:25-CV-11740-

11

AH-SKX, 2026 WL 712565, at *3 (C.D. Cal. Feb. 12, 2026) (quoting *Guimond*, 45 F.3d at 1333). Section 1785.25(a) similarly mirrors the FCRA as it "prohibits knowingly furnishing 'incomplete or inaccurate' information to a consumer credit reporting agency." *Wise v. Experian Info. Sols., Inc.*, No. CV 23-5513-KK-RAOX, 2024 WL 3337128, at *5 (C.D. Cal. June 18, 2024). "The Ninth Circuit has recognized that, 'because the CCRAA is substantially based on the Federal Fair Credit Reporting Act ["FCRA"], judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions.'" *Lewis v. Trans Union, LLC*, 2013 WL 1680639, at *3 (E.D. Cal. Apr. 17, 2013) (quoting *Carvalho v. Equifax Info. Services, LLC,* 629 F.3d 876, 889 (9th Cir. 2010). California courts have stated the same. *See Olson v. Six Rivers Nat'l Bank*, 111 Cal. App. 4th 1, 12 (Cal. Ct. App. 2003) (citation omitted) ("Because the Credit Reporting Act is substantially based on the Federal Fair Credit Reporting Act . . . judicial interpretation of the federal provisions is persuasive authority and entitled to substantial weight when interpreting the California provisions.").

For the reasons discussed with respect to the FCRA, the FAC does not plausibly allege that Defendant's 2024 reporting of the judgments was factually inaccurate. Therefore, the FAC fails to allege cognizable Cal. Civ. Code § 1785.14(b) and Cal. Civ. Code § 1785.25(a) claims.[6] *See Chiddy Golden*, 2026 WL 712565, at *3 ("Plaintiff has not pleaded facts or offered evidence tending to show that the disputed collection account is inaccurate and therefore fails to make out a prima facie violation of section 1681e(b) of the FCRA and section 1785.14(b) of the CCRAA."); *Wise*, 2024 WL 3337128, at *6 ("Plaintiff has not established the inquiry was inaccurate or incomplete. . . . The FAC, therefore, lacks sufficient factual allegations to state a plausible [§ 1785.25(a)] claim that Defendant failed to correct inaccurate information furnished to defendant Experian.").

---

[6] In addition, Cal. Civ. Code § 1785.25(a) applies to furnishers of information to a "consumer credit reporting agency." Defendant argues that "the FAC does not allege LexisNexis Risk is a furnisher of credit information." (Doc. 9-1 at 9). The Court agrees that there is no such allegation in the FAC and therefore finds that this is an independent basis for denying the claim. *See Smith v. TransUnion*, No. 24-CV-1727-AGS-DTF, 2025 WL 2462970, at *3 (S.D. Cal. Aug. 26, 2025) (dismissing Cal. Civ. Code § 1785.25(a) claim because "Smith fails to provide any facts to suggest TransUnion provided information to other credit reporting agencies as a 'furnisher.'").

12

Accordingly, Plaintiff's Count V claim also fails as a matter of law.

   2. <u>Count VI: UCL (Cal. Bus. & Prof. Code § 17200 *et seq.*)</u>

Count VI alleges that Defendant engaged in unfair business practices by reporting inaccurate judgments, causing substantial harm to Plaintiff. The FAC does not identify with specificity what conduct constitutes the alleged unfair competition and does not provide sufficient facts to satisfy Rule 8(a)'s requirement of a short and plain statement of the claim.

Moreover, Plaintiff's UCL theory depends entirely on the same asserted inaccuracies that underlie the FCRA and CCRAA claims. Where a plaintiff's Unfair Business Practices claim "is based on claims that this Court has concluded should be dismissed, plaintiff's [Unfair Business Practices] claim, derivative of those claims, must be dismissed as well." *Bernardo v. Carl's Jr. Restaurants LLC*, No. 2:25-CV-00826-CAS-PVCX, 2025 WL 1755136, at *13 (C.D. Cal. June 23, 2025) (citing William L. Stem, Business and Professions Code § 17200 Practice, 3:56 (Rutter Group 2019 ed.); *Ingels v. Westwood One Broadcasting Services, Inc.*, 129 Cal. 4th 1050, 1060 (2005)); *see Keen v. Am. Home Mortg. Servicing, Inc.*, 664 F. Supp. 2d 1086, 1102 (E.D. Cal. 2009) ("Because plaintiff's [Unfair Business Practices] claim is predicated on facts supporting her other claims, all of which the court has dismissed, defendants' motion to dismiss plaintiff's seventh cause of action for violations of California Business & Professions Code § 17200 is GRANTED").

Because those claims fail, the derivative UCL claim fails as well.

**C. Leave to Amend**

Courts ordinarily grant leave to amend freely, considering factors such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice, and futility. *Winebarger v. Pennsylvania Higher Educ. Assistance Agency*, 411 F. Supp. 3d 1070, 1082 (C.D. Cal. 2019) (citation omitted). To determine whether to permit further amendment, the court considers "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *Moore v. Kayport Package Express,* 885 F.2d 531, 538 (9th Cir.1989). Thus, where leave to amend would be futile, because "the allegation of other facts consistent with

13

the challenged pleading could not possibly cure the deficiency," leave to amend may be denied. *DeSoto v. Yello Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Similarly, leave may be denied where additional facts consistent with prior pleadings could not cure the deficiencies or where amendment would require allegations inconsistent with prior iterations of the complaint and the judicially noticed record.  *See, e.g., Stone v. Travelers Corp.,* 58 F.3d 434, 437 n. 1 (9th Cir.1995).

Plaintiff has already amended once after removal and was thereby afforded an opportunity to cure defects that remain.  "Because the deficiencies present in plaintiffs' original complaint were repeated in plaintiffs' amended complaint, leave to amend a second time shall not be granted."  *Smith v. Scribner,* 2007 WL 1364968, at *3 (E.D. Cal. May 9, 2007); *see also Bowman v. Yolo Cnty.*, 2008 WL 3154691, at *2 (E.D. Cal. Aug. 4, 2008).  Furthermore, the exhibits attached to the FAC and the judicially noticed state court records conclusively establish the dates of the judgments, the December 24, 2024 reporting, and Plaintiff's first efforts to challenge the judgments in 2025, such that further amendment could not transform Defendant's 2024 reporting into a factual inaccuracy or cure the standing deficiencies tied to the later alleged nondisclosures.  Under these circumstances, additional amendment would be futile, and further leave to amend is not warranted.

Accordingly, it is **ORDERED**:

The Court GRANTS Defendant's Request for Judicial Notice (Doc. 9-8).

It is further **RECOMMENDED:**

1.      Defendant's Motion to Dismiss (Doc. 9) be GRANTED.

2.      Plaintiff's First Amended Complaint (Doc. 8) be DISMISSED without further leave to amend.

### NOTICE TO PARTIES

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id.*; Local Rule 304(b).  The document should be captioned,

"Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages**. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014). These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Dated:     April 27, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE